ASLAN COHEN, PLAINTIFF, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, BODY CORPORATE, DEFENDANT.

Decided October 3, 1933.

For the rule, *Durand, Ivins & Carton.*

Opposed, *Ward Kremer.*

LAWRENCE, C. C. J.   Plaintiff brought suit against the defendant company to recover compensation for injuries received from a fall into an excavation under the floor in a store about to be opened by the company, on Main Street, in Asbury Park. The excavation had been made in connection with the heating and electrical systems being installed and

which had not at the time been fully completed. A trap door provided to cover the excavation when not in use was therefore open. This door and excavation are located at the end of a counter on the right side of the store as óne enters. According to plaintiff, he went into the store to purchase a can of sardines, walked over to the counter to examine articles on the shelves at the back and not observing the open trap door fell into the excavation and was injured. At the trial which was before the court and a jury at the Monmouth Circuit, a sharp issue was raised as to plaintiff's purpose in entering the store and the company's liability. The defense was that the store was not yet open for business, but was still in process of being equipped, that plumbers and electricians were still at work and that goods were being carried in from trucks in front of the building and piled on the floor, but that none of them had yet been placed on the shelves, particularly on those back of the counter which plaintiff approached. While there was a sign on the top of the building and one or two on one of the show windows and the entrance door was open, no customers were either in the store or being served, since the place had not yet been arranged or set aside for that purpose; that, as a matter of fact, a store occupied by the company for several years, separated from the new store by an alley, was still open and its business being carried on there.

Plaintiff, it appeared, was and is a peddler by trade and had been engaged for some time in and about Asbury Park, selling linens and occasionally neckties. According to two of the employes of the company who were in the new store at the time, assisting in carrying in and placing the merchandise on the floor, when plaintiff entered he had neckties on one arm and a package or bundle under the other; that he asked if any one wanted to buy any neckties and received a negative answer, but that he walked toward the counter as if to spread them on it and that his foot slipped into the excavation into which he fell. Both testified that there were no goods on the shelves and that the store was not ready for customers. Nothing appears to have been said by plaintiff as to his desire to purchase anything for himself, nor did he

himself say at the trial that he had made any such purpose known to anyone in the store. A truck driver who was helping in unloading a truck entered the store behind plaintiff and stated that he saw that he had neckties on his arm, and that he saw him walk toward the counter and sidestep into the excavation. The manager for the company, who was in the old store at the time of the accident, stated that he was called immediately after the accident; that he went to the new store, found that plaintiff had fallen, saw the neckties and that he (plaintiff) had been in the old store just before and had sold him some of the neckties, but had said nothing as to buying anything for himself. He further stated that there were no goods on the shelves in the new store and that it was not yet ready for customers. Other witnesses produced at the trial also testified that no business was being done in the new store; that there were no goods on the shelves; and that electricians, plumbers and others were still working there. There was no real attempt to discredit this testimony or to show that the witnesses were not worthy of credence.

Notwithstanding the testimony offered in behalf of defendant, the jury rendered a verdict in favor of plaintiff. Defendant took out the present rule to show cause and argued for a new trial on the ground that the verdict was contrary to the weight of the evidence, since no liability had been shown on the part of defendant, either on the theory of an implied invitation to plaintiff to enter the store, or on the theory of a licensee as to whom defendant had been guilty of willful negligence.

A careful review of the record of the evidence received at the trial leads to the conclusion that the verdict does indicate some degree of partiality, together with a sympathetic attitude on the part of the jury. The evidence offered in behalf of defendant could not have been arbitrarily ignored, and in the circumstances the rule to show cause should be made absolute and a new trial granted.